Argued November 28; affirmed December 17, 1940; rehearing
denied February 11, 1941

## STATE *v.* GARNER ET AL.
(108 P. (2d) 274)

[ 1 ]

Department 2.

*Charles W. Robison,* of Portland (Robison & Shaw, of Portland, on the brief), for appellant.

*Grant J. Williams,* District Attorney, Gold Beach, and Dal M. King, Deputy District Attorney, of Myrtle Point, for respondent.

BAILEY, J. The grand jury for Curry county on September 9, 1939, returned an indictment charging the defendant Myrtle A. Garner, and others, with the crime of larceny of seven three-year-old Hereford steers, property of Ellis S. Dement, committed on July 17 of that year in Curry county. From a judgment of conviction sentencing her to a maximum term of four years in the state penitentiary Myrtle Garner appeals.

The record discloses that Ellis S. Dement owns a large ranch in Curry county, used principally as range for beef cattle. This ranch is in a direct line about a mile and one-half from the ranch where the defendant Myrtle Garner lived. By trail the two ranches are between three and four miles apart. The terrain between them is rocky and rough, overgrown with timber and brush. At one time more than five years prior to the date of the crime charged, the trails between the two ranches had become almost impassable because of fallen trees and rank growth of brush.

In the early part of July, 1939, Mrs. Garner had one of the trails between her ranch and the Dement ranch cleared of logs and other obstacles, but the end of it near the Dement place was left concealed by brush. A few days before July 17, 1939, the defendant hired men to round up steers owned by Dement, and on or about that date the men so hired drove steers from the Dement ranch over this trail to the Garner ranch.

Mr. Dement heard rumors that white-faced steers had been trucked out from the Garner place, and on July 22 he went to Mrs. Garner's ranch, accompanied by a state police officer. There they found a makeshift corral in which were nine white-faced steers belonging to Dement. The corral was being guarded by a boy on horseback. Eight of the steers in the corral

had a D brand on the left hip. One of the eight had a brand, L Bar T, in addition to the D. The ninth steer in addition to the D brand had a Reverse E Lazy P brand on the left hip. Later there were discovered on the Garner ranch fourteen more steers owned by Dement.

While the state officer and Dement were at the Garner ranch, a truck drove up with several men in it, whom the state officer placed under arrest. This truck had just returned from hauling seven steers to Vancouver and then back to Portland, where they were sold to Schlesser Brothers' stockyards. All seven steers were branded with Reverse E Lazy P on the left hip, and one of them was also branded with a D on the left hip. These seven steers are the livestock referred to in the indictment.

In the spring of 1939 Dement had on his ranch known as Brush Prairie or Tent Prairie sixty-three head of cattle, most of which were between two and four years old. Eleven of them had been purchased by Dement in 1936, when they were about six months old, from Benson Commission Company of North Portland, and had been shipped into Portland from Montana. These eleven cattle had a Reverse E Lazy P brand on the left hip. Dement also owned one Montana steer branded with L Bar T on its ribs at the right side and a D on the left hip. All the remaining cattle, apparently, were branded with a D on the left hip. The D brand on the left hip had been used by Dement for some twenty-five years and for many years prior to that period it was the brand used by his father. It had not been recorded, nor had the Reverse E Lazy P brand been recorded in Oregon.

■■ The defendant assigns as error the overruling by the court of her motion for a change of venue. In our

opinion, there was no abuse of discretion in denying this motion, "although," as said in *State v. De Grace,* 144 Or. 159, 22 P. (2d) 896, 90 A. L. R. 232, "the question is not properly before the court, since the affidavits in support of the motion were not incorporated in the bill of exceptions: *State v. Kline,* 50 Or. 426, 93 P. 237." The same observation may be made concerning the purported testimony of Collier H. Buffington. "The application for a change of venue is addressed to the sound discretion of the court and his action thereon will not be disturbed unless there is an abuse of such discretion": *State v. Riley,* 147 Or. 89, 30 P. (2d) 1041.

On the day of the trial, October 23, 1939, counsel for the defendant directed the court's attention to a motion filed by the defendant for a continuance of the case for a few weeks to enable her to obtain as a witness a Mr. Johnson who was, she thought, somewhere in North Dakota. No showing was made of any attempt by the defendant to produce the witness. The court denied the motion, observing that the defendant had, since September 11, 1939, when she appeared and filed a motion for change of venue, had sufficient time to locate the witness. A motion to postpone the trial of a criminal action is addressed to the sound discretion of the trial court, and its decision thereon will not be reviewed except for abuse of that discretion: *State v. Putney,* 110 Or. 634, 224 P. 279. The court did not err in denying this motion.

During his examination as a witness for the state, Mr. Dement testified that some of the steers were marked with a Reverse E Lazy P brand. In order to describe the brand he made a drawing of it on a sheet of paper, and this was admitted in evidence to explain his testimony regarding the brand. The admission of this exhibit is assigned as error. The drawing

was merely explanatory of the testimony, and the court did not err in admitting it in evidence for that purpose.

■ The defendant assigns as error the overruling of her objection to the following question asked Burdett Young, a witness for the state: "Did Mrs. Garner at any time tell you not to butcher any D brand cattle?" In answering the question the witness testified concerning a conversation that he had with Mrs. Garner July 17, 1939, about butchering some of the steers. It is contended by the defendant that this testimony related to an entirely different crime and was prejudicial to her. The subject of butchering steers was first injected into the record by the defendant's counsel, in the cross-examination of another witness who preceded Young on the stand.

The D-branded steers that were the subject of the conversation between Young and the defendant were some of those that had been rounded up and driven from Dement's ranch, along with the seven steers mentioned in the indictment, to the defendant's place. That conversation was had on the day that they were brought there. Testimony concerning what was then said indicated that the defendant was claiming to be the owner of the steers, and went to refute her assertion that she disclaimed any ownership of any cattle marked with the D brand. This testimony also tended to prove that the defendant had an intent to commit the crime with which she was charged, and it was admissible as part of the transaction involved in that crime.

■ The remaining assignment of error is based on the denial by the court of the defendant's motion for a directed verdict. The defendant argued in support of this motion that the state has failed to prove that Dement was the owner of the steers mentioned in the indictment. She contends that under the laws of this

state ownership of cattle cannot be proved by brand unless that brand has been recorded as provided by statute.

Section 3, chapter 33, General Laws of Oregon 1915, reads as follows: "No evidence of ownership of stock by brands or for the purpose of identification shall be permitted in any court of this state unless the brand shall have been recorded as provided in this act." In *State v. Warner,* 91 Or. 11, 178 P. 221, this court, in construing that section, held that the law prohibited the identification of stock by brand unless the same had been recorded.

The legislature in 1927 amended that section by eliminating therefrom the words, "or for the purpose of identification"; chapter 325, General Laws of Oregon 1927. And in *State v. Christy,* 131 Or. 314, 282 P. 105, in passing upon the amendment, this court said: "It follows that since these words have been stricken from the law an unrecorded brand is usable for identification purposes like any color, or other physical feature of livestock".

Dement testified that he was able to, and did, identify as removed from cattle owned by him the hides of the seven steers that were trucked to Portland by the defendant and there sold and butchered. The identification was made by markings and other characteristics, in addition to the brands. No error was committed by the court in denying the defendant's motion for a directed verdict.

In our opinion, the defendant had a fair and impartial trial. The record leaves no doubt as to her commission of the crime charged. The judgment appealed from is affirmed.

RAND, C. J., and BELT and LUSK, JJ., concur.