Argued December 9; reversed December 23, 1941

# GARNER *v.* ALEXANDER

(120 P. (2d) 238)

Before Kelly, Chief Justice, and Belt, Bailey, Lusk, Rand and Rossman, Associate Justices.

*Willis S. Moore*, Assistant Attorney General (I. H. Van Winkle, Attorney General, on the brief), for appellant.

*S. L. Staats*, of Portland, for respondent.

BAILEY, J. The respondent, Myrtle A. Garner, was on September 9, 1939, indicted by the grand jury of Curry county for the crime of larceny of livestock, committed on July 17 of that year. She was tried before a jury in that county, and from a judgment of conviction sentencing her to a term in the state penitentiary she appealed, which judgment was on December 17, 1940, affirmed by this court: *State v. Garner*, 166 Or. 1, 108 P. (2d) 274. Petition for rehearing therein was denied February 11, 1941.

On March 19, 1941, Mrs. Garner, then confined in the state penitentiary, filed in the circuit court for Marion county, Oregon, a petition for a writ of *habeas corpus*, against George Alexander, warden of the penitentiary. On the same day that court issued a writ of *habeas corpus* directing the warden to produce the petitioner and show cause, if any, for her detention. The warden made return to this writ, showing the court proceedings hereinabove noted, as justifying his detention of the petitioner.

At the hearing the petitioner, over the objection of the defendant, introduced in evidence affidavits of the sheriff, the county clerk and the county judge of Curry county. The affidavit of the county judge is

to the effect that he has held his office since January, 1937; that during his incumbency "there has never been a serious attempt to place women upon the jury of Curry county until January of 1940"; and that "in January of 1939, women's names were purposely left off the jury list. The reason for such action being that the few women that had been called had claimed their exemption and the county court felt that the facilities at the court house for women jurors was inadequate." The affidavit of the Curry county sheriff states in substance that no names of women were placed on the jury list for 1939 and that "at no time since 1933 until 1940 were women actually placed on juries in the circuit court of Curry county or called for service on the grand jury." The affidavit of the county clerk is also to the effect that no names of women were placed on the jury list for the year 1939; that for four years prior to and including 1939 no women had served on the circuit court jury; and that prior to January, 1940, "the only women notified to serve as jurors were those who had previously refused to serve and no attempt was made to procure other or different women and almost the identical names were placed on the jury list for the years 1936 to 1939, inclusive."

From these affidavits it appears that five women were named in the jury list for the year 1936, six for 1937 and five for 1938. Mrs. Garner testified, over the objection of the defendant warden, that there were no women on the jury that tried her. There was no contradiction of the facts hereinabove stated.

This evidence constitutes the petitioner's entire showing in support of her claim that she is entitled to her liberty. Based thereon, an order was entered by the circuit court for Marion county releasing her

from custody, and from that order the defendant appeals.

The petitioner here argues that the record discloses a failure and refusal of the officials charged with making up the jury list to comply with the statute in regard to placing the names of women on the list, and that their dereliction deprived her of due process of law, in contravention of the fourteenth amendment to the constitution of the United States. For that reason, she asserts, the circuit court for Curry county had no jurisdiction to try the criminal action against her and its judgment of conviction is void.

It is the contention of the defendant that the writ of *habeas corpus* should have been dismissed and the petitioner remanded to his custody, for the reason that the failure to place names of women on the jury panel did not vitiate the entire criminal proceedings so that they could be challenged collaterally by *habeas corpus*.

Section 11-401, O. C. L. A., is as follows:

"The writ of habeas corpus and subjiciendum is the writ herein designated, and every other writ of habeas corpus is abolished. Every person imprisoned or otherwise restrained of his liberty, within this state, under any pretense whatsoever, except in the cases specified in the next section, may prosecute a writ of habeas corpus according to the provisions of this chapter, to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."

The next section, 11-402, O. C. L. A., in part reads thus:

"The following persons shall not be allowed to prosecute the writ:

\*  \*  \*  \*  \*

"(2) Persons imprisoned or restrained by virtue of the judgment or decree of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment or decree."

█ The only question that can be considered in *habeas corpus* proceedings, when the petitioner is confined pursuant to a judgment of a competent court, is whether the judgment or the commitment issued thereunder is void. Proceedings in *habeas corpus* are in the nature of a collateral attack, and consequently errors or irregularities which might render a judgment voidable can not be reached by *habeas corpus*: *Ex parte Stacey*, 45 Or. 85, 75 P. 1060; *Hills v. Pierce*, 113 Or. 386, 231 P. 652; *Kaizo v. Henry*, 211 U. S. 146, 53 L. Ed. 125, 29 S. Ct. 41; *In re Wood*, 140 U. S. 278, 35 L. Ed. 505, 11 S. Ct. 738; *In re Wilson*, 140 U. S. 575, 35 L. Ed. 513, 11 S. Ct. 870; III Wharton, Criminal Procedure, 10th Ed., § 1941, page 2375; Church on Habeas Corpus, 2d Ed., § 363, page 502.

Ferris on Extraordinary Legal Remedies, § 18, at page 36, states the general rule relative to the office of *habeas corpus*, as follows:

█ ". . . The only ground on which any court, without special statutory authority, will give relief on habeas corpus, is where there is want of jurisdiction over the person or the cause, or some other matter rendering the proceeding void. Lack of jurisdiction of the subject-matter, jurisdiction of the person, or jurisdiction to render the particular judgment assailed, include all cases which render a judgment void or subject to attack in habeas corpus. If a person is held in custody by reason of his conviction upon a criminal charge before a court having plenary jurisdiction over the subject-matter or offense, the place where it was committed, and the person of the prisoner, it results from the very nature of the writ itself that he can not have relief on habeas corpus. * * *

"Jurisdiction of the subject-matter is the power to deal with the general subject involved. In other words, the court must have cognizance of the class of cases to which the one to be adjudicated belongs. Jurisdiction of the person is acquired either by service of process within the territorial limits of the jurisdiction upon the defendant personally, or by his voluntary appearance either in person or by attorney."

In the case at bar the circuit court of the state of Oregon for Curry county had plenary jurisdiction of the offense committed by the petitioner. The crime with which she was charged was committed in Curry county. That court acquired jurisdiction of her person by service of process upon her. Moreover, she actually appeared and was present during the proceedings.

The petitioner in the case of *In re Wood*, supra, brought *habeas corpus* proceedings in the circuit court of the United States for the southern district of New York. He based his application for a writ on the ground that his trial and conviction in a state court were had in violation of his rights under the constitution of the United States, "in that the grand jurors who returned the indictment, and the petit jurors by whom he was tried, were drawn from lists from which were excluded, because of their race and color, all citizens of African race and descent." The law of New York providing for the selection of grand jurors and petit jurors made no discrimination based on race or color. In deciding adversely to the contention of the petitioner, the supreme court of the United States, by Mr. Justice Harlan, said:

". . . The statute under which the appellant was prosecuted is not repugnant to the constitution of the United States, and the court that tried him, we repeat, was competent to guard and enforce every right se-

cured to him by that instrument, and which might be involved in his trial. The petition for the writ sets forth no ground affecting its jurisdiction either of the offense charged or of the person alleged to have committed it. If the question of the exclusion of citizens of the African race from the lists of grand and petit jurors had been made during the trial in the court of general sessions, and erroneously decided against the appellant, such error in decision would not have made the judgment of conviction void, or his detention under it illegal. Savin, Petitioner, 131 U. S. 267, 279; Stevens v. Fuller, 136 U. S. 468, 478. Nor would that error, of itself, have authorized the circuit court of the United States, upon writ of *habeas corpus*, to review the decision or disturb the custody of the accused by the state authorities.''

See also, in this connection, *In re Wilson*, supra, and *In re Jugiro*, 140 U. S. 291, 35 L. Ed. 510, 11 S. Ct. 770.

In *Kaizo v. Henry*, supra, the petitioner sought his release by *habeas corpus*, on the ground that the grand jurors who returned the indictment against him were not citizens of the United States or of the territory of Hawaii, in which territory he was indicted, tried and convicted. The laws of Hawaii required grand jurors to be citizens of the United States and of the territory. In upholding the judgment discharging the writ of *habeas corpus* and remanding the petitioner to the custody of the sheriff, the court, after stating that if the judgment were absolutely void the writ of *habeas corpus* would lie, proceeded as follows:.

''. . . But no court may properly release a person under conviction and sentence of another court, unless for want of jurisdiction of the cause or person, or for some other matter rendering its proceedings void. Where a court has jurisdiction, mere errors which have been committed in the course of the proceedings can not be corrected upon a writ of *habeas corpus*,

which may not in this manner usurp the functions of a writ of error. [Authorities.]

"These well-settled principles are decisive of the case before us. Disqualifications of grand jurors do not destroy the jurisdiction of the court in which an indictment is returned, if the court has jurisdiction of the cause and of the person, as the trial court had in this case. Ex parte Harding, 120 U. S. 782; In re Wood, 140 U. S. 278; In re Wilson, 140 U. S. 575. See Matter of Moran, 203 U. S. 96, 104. The indictment, though voidable, if the objection is seasonably taken, as it was in this case, is not void. United States v. Gale, 109 U. S. 65. The objection may be waived, if it is not made at all or delayed too long. This is but another form of saying that the indictment is a sufficient foundation for the jurisdiction of the court in which it is returned, if jurisdiction otherwise exists. That court has the authority to decide all questions concerning the constitution, organization and qualification of the grand jury, and if there are errors in dealing with these questions, like all other errors of law committed in the course of the proceedings, they can only be corrected by writ of error."

It must be apparent, from the authorities hereinabove cited, that the circuit court for Curry county had jurisdiction to hear and determine the criminal proceedings against Mrs. Garner, and that its judgment rendered therein is not void. Failure of the officers charged with the duty of making up the jury list to include in the list names of women, if in fact there was such failure, can not be made the subject of inquiry in *habeas corpus* proceedings.

Section 11-416, O. C. L. A., sets forth the causes for discharging a prisoner from custody. The petitioner herein has shown no such cause. The circuit court for Marion county should have dismissed the

writ of *habeas corpus* and ordered the petitioner returned to the custody of the defendant warden.

The order of the circuit court releasing the petitioner, Myrtle A. Garner, is hereby reversed, and the cause is remanded to that court with instruction to set aside its order and remand Myrtle A. Garner to the custody of the warden of the Oregon state penitentiary.

BRAND, J., did not participate in this decision.