Argued January 17, affirmed July 5, reconsideration denied July 26, 1978, petition for review denied January 16, 1979

STATE OF OREGON, *Respondent,*
*v.*
MARTINEZ LEROY SHEPPARD, *Appellant.*
(No. 17-770, CA 9221)
581 P2d 549

Steven L. Verhulst, Hillsboro, argued the cause for appellant. With him on the brief was Garland, Karpstein & Boyer, Hillsboro.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction subsequent to the trial court's denial of his motion to dismiss for lack of subject matter jurisdiction over an information charging arson under ORS 164.325.[1] Defendant contends that under the provisions of Amended Art VII, § 5(5), Oregon Constitution, the prosecutor must proceed to trial on the same charge on which defendant was bound over to the circuit court by the magistrate. We do not reach this issue, however, because of our determination that defendant's failure to raise a timely objection constituted a waiver.

On July 19, 1977, defendant, who was then, and at all times thereafter represented by counsel, was charged in the district court by a district attorney's information with the crime of arson in the first degree by an allegation that defendant did, on or about July 17, 1977,

"* * * unlawfully and intentionally damage protected property, to-wit: the Washington County Jail, situated at Washington County, Department of Public Safety, the property of Washington County, by starting a fire * * *."

The information showed that defendant was charged under ORS 164.325. No reference was made to any subsection of ORS 164.325 but the language of the information comports with that of ORS 164.325(1) (*a*). A preliminary hearing was held; a finding of probable cause was made; and on July 29, 1977, the defendant was bound over to the circuit court.

---

[1] ORS 164.325 provides:

"(1) A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, he intentionally damages:

"(a) Protected property of another; or

"(b) Any property, whether his own or another's, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage.

"(2) Arson in the first degree is a Class A felony."

[ 71 ]

By a second district attorney's information filed directly in circuit court on August 1, 1977, defendant was charged with arson in the first degree under ORS 164.325 which alleged that defendant did, on or about July 17, 1977

> "* * * intentionally damage certain property, to-wit: a pair of shoes, by starting a fire, whereby the said defendant did recklessly place another person, to-wit: Aaron Ashbaugh and Richard W. Hill, Jr., in danger of physical injury and did recklessly place protected property of another, to-wit: the Washington County Jail, in danger of damage * * *."

Defendant was arraigned on August 1, 1977, and on August 8, 1977, pled not guilty to that charge. Trial was held on August 25, 1977.

■ After the state had rested, defendant moved to dismiss on the ground that the court had no jurisdiction over the subject matter of the case because there had been no preliminary hearing on the second information.[2] The court denied the motion; defendant offered no evidence and the jury returned a verdict of guilty of the lesser included offense of reckless burning. ORS 164.335. Defendant assigns as error the trial court's failure to dismiss the charging instrument. He contends that there was a failure to comply with Amended Art VII, § 5(5), of the Oregon Constitution.

Amended Art VII, § 5(5), provides:

> "The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that *a crime punishable as a felony* has been committeed and that the person has committed it, or if the person knowingly waives a preliminary hearing." (Emphasis supplied.)

The magistrate's determination of "probable cause" means that there is a substantial objective basis for

---

[2]The record does not expressly distinguish which information was the subject of defendant's plea but counsel's subsequent argument makes it clear that the plea was directed to the second information filed in the circuit court.

believing that more likely than not a crime has been committed and that the defendant committed it. If it appears from the preliminary hearing that probable cause exists, the magistrate is required to forward to the court, in which the defendant would be triable, the information holding the defendant for further proceedings. *See* ORS 135.185[3] and ORS 135.225.[4]

In the instant case, the charge contained in the information was cast in the language of ORS 164.325(1) (*a*) whereas defendant was arraigned and pled not guilty to a charge which was cast in the language of ORS 164.325(1) (*b*). Even if such a procedure constituted error, defendant did not object to the absence of a preliminary hearing on the second information at the time of his arraignment on August 1, nor on August 8, when he entered his plea, nor at any time prior to trial. We hold that by entering a plea, without objection, in the presence of counsel, defendant waived the preliminary hearing specified in Amended Art VII, § 5(5).

Nor are we persuaded by defendant's argument that the alleged irregular procedure constitutes a jurisdictional defect which cannot be waived.

Having failed to present his objections to the trial court before pleading on the merits of the information, defendant waived his right to claim error in the proceedings.

Affirmed.

---

[3] ORS 135.185 provides:

"If it appears from the preliminary hearing that there is probable cause to believe that a crime has been committed and that the defendant committed it, the magistrate shall make a written order holding the defendant for further proceedings on the charge."

[4] ORS 135.225 provides:

"When the magistrate has held the defendant to answer, he shall at once forward to the court in which the defendant would be triable the warrant, if any; *the information;* the statement of the defendant, if he made one; the memoranda mentioned in ORS 135.115 and 135.145; the release agreement or security release of the defendant; and, if applicable, any security taken for the appearance of witnesses." (Emphasis supplied.)