Argued and submitted July 30, 2018, reversed February 26, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CLIFFORD DARRELL KEYS,
*Defendant-Appellant.*

### Marion County Circuit Court
16CR24492; A163519

460 P3d 1020

Defendant appeals a judgment of conviction for felony possession of methamphetamine. On appeal, defendant argues that his conviction is void. Defendant contends that the trial court lacked jurisdiction to enter the felony conviction because defendant was charged by information rather than indictment, he did not have a preliminary hearing, and he did not knowingly waive his right to indictment or a preliminary hearing. *Held*: Defendant was charged by information in the absence of a preliminary hearing and did not knowingly waive his right to indictment or a preliminary hearing. The trial court therefore never obtained jurisdiction to try defendant for the crime with which he had been charged or to enter a conviction on that charge. Parties cannot stipulate to that kind of jurisdiction or waive objection to its absence. To the extent that *Barnes v. Cupp*, 44 Or App 533, 606 P2d 664, *rev den*, 289 Or 587 (1980), *cert den*, 449 US 1088 (1981), suggests otherwise, it is overruled. Accordingly, the trial court erred when it entered the judgment of conviction.

Reversed.

Sean E. Armstrong, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Reversed.

## HADLOCK, J. pro tempore

Defendant appeals a conviction for unlawful possession of methamphetamine, a felony, arguing that his conviction is void. Specifically, defendant contends that the trial court lacked jurisdiction to enter the felony conviction because defendant was charged by information and was not indicted, he did not have a preliminary hearing, and he did not knowingly waive his right to indictment or preliminary hearing. We agree with defendant and, therefore, reverse.[1]

The pertinent facts are procedural and undisputed. Defendant was arrested for possession of methamphetamine in violation of ORS 475.894, and an information was filed charging him with that felony crime. At defendant's arraignment, the court greeted defendant and stated that it was "going to be appointing [a particular lawyer] to be your attorney and she is going to assist you with this arraignment this morning." The lawyer and defendant had a brief interaction, which was transcribed, after which the lawyer purported to waive defendant's right to a pretrial hearing:

"[DEFENSE COUNSEL]: Good morning, Mr. Keys. * * * I'm going to represent you in this matter. Is this a correct spelling of your name?

"THE DEFENDANT: Yes, it is.

"[DEFENSE COUNSEL]: And were you born on [a particular date]?

"THE DEFENDANT: Yes, I was.

"[DEFENSE COUNSEL]: We will acknowledge receipt of the Information, waive any further reading or advice of rights. His name and date of birth are correctly set out on that document. *We are prepared to waive preliminary hearing at this time*, reserving the right to assert that in the future should that become necessary."

(Emphasis added.)

---

[1] This opinion overrules existing Court of Appeals precedent. The panel specifically advised all members of the court of the effect of its decision, but neither the chief judge nor a majority of the regularly elected or appointed judges referred the cause to be considered by the en banc court pursuant to ORS 2.570(5).

Defendant asserts, and the state does not contest, that the transcript shows that neither the court nor defense counsel explained the purpose or benefits of a preliminary hearing to defendant at the April hearing. Defendant also notes that neither the court nor defense counsel confirmed that defendant understood what rights were being waived on his behalf. After a series of status conferences and a hearing on a suppression motion, which the court denied, defendant waived his right to a jury trial and the court convicted him on stipulated facts.[2]

On appeal, defendant argues that the trial court lacked jurisdiction to enter the judgment of conviction "[i]n the absence of an indictment, a preliminary hearing, or the defendant's knowing, intentional, and personal waiver of indictment or preliminary hearing." Defendant relies on Article VII (Amended), section 5, of the Oregon Constitution, which provides that a person may be charged with a felony only by indictment or a finding of probable cause following a preliminary hearing before a magistrate, unless the defendant knowingly waives the right to those procedures.[3] He also relies on *Huffman v. Alexander*, 197 Or 283, 251 P2d 87 (1952), *reh'g den*, 197 Or 283 (1953), in which the court, relying on an analogous then-applicable constitutional provision, held that, absent an indictment or valid waiver of indictment in a criminal case, any resulting conviction is void.[4]

---

[2] Defendant has not assigned error to the denial of his suppression motion.

[3] The current version of Article VII (Amended), section 5, was enacted in 1974 following a legislative referral. *See State v. Reinke*, 354 Or 98, 106, 309 P3d 1059, *adh'd to as modified on recons*, 354 Or 570 (2013) (discussing history of the constitutional provision). It provides, in pertinent part:

"(3)  Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.

"(4)  The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.

"(5)  The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing."

[4] *Huffman* was decided under Article VII (Original), section 18, of the Oregon Constitution, which provided that no person could be charged with "any

The state's responsive argument is narrow. Significantly, the state does not contend that, under the circumstances, defense counsel's purported waiver of preliminary hearing was effective for purposes of Article VII (Amended), section 5. Indeed, that would be a challenging argument to make, given that counsel purported to waive her client's constitutional right without having advised or consulted him on the point. Under the circumstances—and in the absence of any argument from the state that counsel's waiver had legal effect—we, like the parties, base our analysis on an understanding that counsel's purported waiver did not constitute a "knowing" waiver by defendant for purposes of Article VII (Amended), section 5.

In arguing that the court had jurisdiction to enter the judgment in this case despite the lack of an express waiver of indictment or preliminary hearing, the state acknowledges—and does not challenge—*Huffman*'s holding that "judgment rendered upon an information without waiver of indictment would be void." 197 Or at 301. Instead, the state relies on *State v. Sheppard*, 35 Or App 69, 72-73, 581 P2d 549 (1978), *rev den*, 285 Or 1 (1979), in which we (1) rejected an argument that a circuit court lacked jurisdiction in a felony case in which the defendant had had a preliminary hearing on the original information, but there was no preliminary hearing on a later, second information, and (2) held that the defendant waived any nonjurisdictional objection to the absence of a preliminary hearing on the second information when he entered his plea. The state asserts that *Sheppard* stands for the proposition that any error in proceeding in the absence of indictment, preliminary hearing, or express waiver is not a *jurisdictional* error. Moreover, the state contends, *Sheppard* establishes that defendant *did* waive his rights to indictment or preliminary hearing when he entered a not-guilty plea and "submitt[ed] to the subsequent trial without making any objection, despite having the assistance of counsel throughout."

---

crime or misdemeanor *** except upon indictment found by a grand jury; *** provided further, however, that if any person appear before any judge of the circuit court and waive indictment, such person may be charged in such court with any such crime or misdemeanor on information filed by the district attorney."

Our evaluation of the parties' arguments starts with the Oregon Constitution, which gives circuit courts "subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction." *State v. Terry*, 333 Or 163, 186, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002); *see* Or Const, Art VII (Original), § 9 ("All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other Court shall belong to the Circuit Courts[.]"); Or Const, Art VII (Amended), § 2 ("The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as present constituted until otherwise provided by law."). Thus, the circuit courts have subject matter jurisdiction over all criminal matters except to the extent that "a statute or rule of law" provides otherwise, somehow limiting or constraining the courts' jurisdiction. *Terry*, 333 Or at 186.

Defendant essentially contends that, as pertinent here, Article VII (Amended), section 5, of the Oregon Constitution sets out such a limiting "rule of law." It provides that a person may be charged with a felony only upon indictment, on an information if a preliminary hearing results in a probable cause determination, or on the defendant's knowing waiver of the indictment or preliminary hearing. Or Const, Art VII (Amended), § 5(3), (4), (5). "Thus, absent a waiver, the state cannot charge a defendant with a felony unless persons outside the office of the prosecutor—either grand jurors, in the context of an indictment, or a magistrate, in the context of an information—determine that the state has probable cause to move forward with that charge." *State v. Kuznetsov*, 345 Or 479, 483-84, 199 P3d 311 (2008).

Defendant asserts that, in *Huffman*, the Supreme Court held that a court lacks jurisdiction to try a defendant on criminal charges when the defendant was not indicted and did not validly waive indictment.[5] Indeed, the *Huffman* court described its task in just those terms: "Our first question is whether an Oregon court has jurisdiction to try a

---

[5] As noted, *Huffman* was decided under Article VII (Original), section 18, of the Oregon Constitution, which did not provide for preliminary hearings. *See* 302 Or App at 516 n 4.

defendant on an information in the absence of a waiver of indictment." 197 Or at 299. The *Huffman* defendant had signed a waiver of indictment and later pleaded guilty to "larceny by bailee," but he contended in subsequent habeas corpus proceedings that his waiver had been obtained through false representations, that he had not understood the meaning of the paper when he signed it, and that he had never intended to waive indictment. *Id*. at 292. The court undertook to determine what the effect would be if, in fact, the waiver had not been valid.

The court cited with approval United States Supreme Court cases that discussed the significance of the Fifth Amendment grand jury requirement and described the absence of an indictment as depriving a court of jurisdiction:[6]

> "'It is of no avail, under such circumstances [where an indictment was changed without resubmission to a grand jury] to say that the court still has jurisdiction of the person and of the crime, for, though it has possession of the person, and *would have* jurisdiction of the crime, if it were properly presented by indictment, the jurisdiction of the offense is gone, and the court has no right to proceed any further in the progress of the case for want of an indictment. If there is nothing before the court which the prisoner, in the language of the Constitution, can be "held to answer," he is then entitled to be discharged so far as the offense originally presented to the court by the indictment is concerned.'"

*Huffman*, 197 Or at 300 (quoting *Ex parte Bain*, 121 US 1, 7 S Ct 781, 787, 30 L Ed 849 (1887) (emphasis added));[7] *see id*. at 300-01 (citing additional cases).

---

[6] The Fifth Amendment to the United States Constitution provides, in part: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ***."

[7] The Court has overruled *Ex parte Bain*, characterizing that case as having involved a "defective" indictment (one that had been amended without resubmission to a grand jury), not an absence of indictment. *United States v. Cotton*, 535 US 625, 629-30, 122 S Ct 1781, 152 L Ed 2d 860 (2002). Under *Cotton*, "defects in an indictment do not deprive a court of its power to adjudicate a case." *Id*. at 630. The overruling of *Ex parte Bain* does not affect our analysis. *Huffman* was decided under the Oregon Constitution, not the federal constitution, and it did not involve a mere "defect" in an indictment. In any event, as discussed later in this opinion, the Oregon Supreme Court has also recognized a distinction between defective indictments and an absence of indictment that, at bottom, is consistent with *Cotton*.

*Huffman* held that "the same rule must be applied under Article VII [(Original)], section 18 of the Oregon constitution." *Id*. at 301. Thus, "unless a defendant validly waives indictment he cannot be tried upon information filed by the district attorney" and, significantly, any "judgment rendered upon an information without waiver of indictment would be void." *Id*. After considering the complexities of then-applicable habeas corpus procedures, the court held that the defendant (petitioner in habeas corpus) should have had an opportunity to establish that his waiver had not been "valid" because it was not voluntarily or understandingly made. *Id*. at 322.

Thus, *Huffman* holds that a court lacks "jurisdiction" over an "offense" when there has been no indictment and the defendant has not voluntarily and knowingly waived indictment. The difficulty is trying to discern what, exactly, the court meant by the term "jurisdiction" in that context (or, more precisely, what the *Huffman* court thought the federal courts had meant when *they* used that term in the cases on which *Huffman* relied). The opinion is not drafted in terms of "subject matter jurisdiction" as we generally understand that principle. So, we are left to ask, did *Huffman* conceive of "jurisdiction" in something like the "subject matter jurisdiction" sense—meaning that a circuit court would lack jurisdiction to try a defendant for an "offense" or to enter a conviction *at all* in the absence of indictment or waiver, *and* that a defendant may raise that lack of jurisdiction on appeal, despite having failed to alert the court below? *See State v. Miller*, 294 Or App 1, 4, 429 P3d 729 (2018) ("[T]he question of the court's subject-matter jurisdiction can be raised at any time, even for the first time on appeal[.]"). Conversely, did *Huffman* use the term "jurisdiction" more loosely, referring simply to a court's lack of *authority* to enter a judgment in the absence of indictment or waiver—a lack of authority to which a defendant could waive objection by allowing the case to proceed to trial or entry of a guilty plea, resulting in the defendant's inability to raise the issue on appeal? *Cf. State v. Molette*, 255 Or App 29, 32-33, 296 P3d 594, *rev den*, 353 Or 788 (2013) (declining to address unpreserved argument that trial court lacked statutory authority to impose a particular sentence).

*Huffman* itself does not provide a completely clear answer to that question. The court's use of the word "void" (to describe a judgment rendered in the absence of indictment or waiver) is evocative, although the court suggested that the "voidness" of the conviction may result from something other than a lack of subject matter jurisdiction. *See Huffman*, 197 Or at 299 (suggesting that, in some circumstances (not necessarily those involved in *Huffman*), a judgment will be "void, even though the court had jurisdiction, in the narrow sense, over person and subject matter at the inception of the proceedings"). And the opinion relies in part on cases and treatises that discuss a type of "jurisdiction" or judicial authority that differs from either subject matter jurisdiction or personal jurisdiction. *See id.* at 298 (differentiating "'jurisdiction to render the particular judgment assailed'" from subject-matter and personal jurisdiction) (quoting *Garner v. Alexander*, 167 Or 670, 674, 120 P2d 238 (1941), *cert den*, 316 US 690 (1942) (*Garner* quoting Forest G. Ferris, *The Law of Extraordinary Legal Remedies* § 18, 36 (1926))); *id.* at 299-300 (explaining that "'if the crime of which the defendant has been convicted is one for which he could be held to answer only upon the presentment or indictment of a grand jury, and he has not been indicted or presented, his conviction is void, and he may be released on habeas corpus'") (quoting *Habeas Corpus*, 25 Am Jur § 38 at 171 (1936)); *id.* at 309 (stating that "'jurisdiction of the person and the subject matter is not alone conclusive, but * * * the jurisdiction of the court to make or render the order or judgment that serves as the basis of the imprisonment is a proper subject of inquiry'" in habeas corpus and that, "'[a]ccording to this view, if jurisdiction is lacking in respect of any one of these essentials, the judgment is fatally defective and open to collateral attack'") (quoting *Habeas Corpus*, 25 Am Jur § 27 at 161 (1936)).

Post-*Huffman* cases do not provide complete clarity, either. In one post-conviction case, we held, citing *Huffman*, that the absence of an indictment or valid waiver would mean not only that a resulting conviction would be void, but that the circuit court would have lacked jurisdiction to act in the criminal case "at all." *Brady v. Calloway*, 11 Or App 30, 38, 42, 501 P2d 72 (1972) (holding that, if a post-conviction

court determined that the petitioner had not been competent to waive indictment, then relief would be "vacation of the judgment of conviction and dismissal of the complaint" because the "jurisdiction of the court to have acted at all in the [criminal] matter" depended on the existence of a valid waiver, in the absence of indictment). However, in another post-conviction case decided only a few years later, we held that the lack of indictment, preliminary hearing, or waiver did *not* render the underlying judgment of conviction void, because "[w]hatever adverse impact failure to hold a preliminary hearing might have had in this case was removed by petitioner's plea of guilty" and the petitioner had not alleged that police lacked probable cause to hold him or that his decision to plead guilty was materially influenced by the lack of a preliminary hearing. *Barnes v. Cupp*, 44 Or App 533, 606 P2d 664, *rev den*, 289 Or 587 (1980), *cert den*, 449 US 1088 (1981). *Barnes* did not cite either *Huffman* or *Brady*. *Sheppard*, on which the state relies, and which we discuss in greater detail below, also did not cite either of those two cases.

Statements in more recent cases, although not necessary to the holdings, provide some help. In *Terry*, the Supreme Court considered the effect of a *deficiency* in an indictment. In that case, the defendant had been convicted of aggravated murder and sentenced to death. *Terry*, 333 Or at 165. He argued in the Supreme Court that his death sentence must be set aside because the indictment had not alleged that he had acted "deliberately"—a point related to the jury's penalty-phase consideration. *Id*. at 184. The defendant contended "that the state's failure to plead 'deliberation' in the indictment deprived the trial court of subject matter jurisdiction." *Id*. at 185. The Supreme Court disagreed, holding that, even if "deliberation" were an element of the crime, its absence from the indictment would not deprive the circuit court of jurisdiction. *Id*. at 185-86. Broadly, the court held that a *defect* in an indictment does not present a jurisdictional problem. *Id*. at 186; *see also State v. Daniel*, 222 Or App 362, 368, 193 P3d 1021 (2008) (under *Terry*, "a defect in the indictment is not a jurisdictional error").

In reaching that conclusion, the *Terry* court discussed the meaning of subject matter jurisdiction and when courts have such jurisdiction in criminal cases:

"Subject matter jurisdiction defines the scope of proceedings that may be heard by a particular court of law and is conferred by statute or the constitution. Under the Oregon Constitution, circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction. *See* Or Const, Art VII (Amended), § 2 (not changing jurisdictional scheme set out in original Article VII); Or Const, Art VII (Original), § 9 (all jurisdiction not vested by law in another court shall be vested in circuit courts). In particular, the Oregon Constitution states that, *once a person has been indicted by a grand jury*, that person can be charged 'in a circuit court with the commission of any crime punishable as a felony.' Or Const, Art VII (Amended), § 5(3). The trial court therefore had subject matter jurisdiction to try defendant for the crime of aggravated murder, even if the indictment arguabl[y] was defective."

333 Or at 186 (emphasis added; footnote and some citations omitted).

The emphasized part of the quoted excerpt from *Terry* can fairly be read to mean that a circuit court obtains jurisdiction to try a criminal defendant only "once [that] person has been indicted by a grand jury," *id.*, given the structure of the paragraph in which the reference to indictment is included. Indeed, we have interpreted *Terry* to mean just that, citing it for the proposition that "subject matter jurisdiction in a criminal case *attaches* as a result of the issuance of the indictment or information." *State v. Young*, 188 Or App 247, 252, 71 P3d 119, *rev den*, 336 Or 125 (2003) (emphasis added). *See also Garner*, 167 Or at 677 ("[T]he indictment is a sufficient foundation for the jurisdiction of the court in which it is returned, if jurisdiction otherwise exists"; errors in the qualification of the grand jury that returned an indictment may have made the indictment "voidable," but they did not deprive the court of jurisdiction.).

Reading *Terry*, *Young*, and *Huffman* and the pertinent constitutional provisions together, we draw the following conclusions. Circuit courts generally have subject matter jurisdiction over criminal cases. However, under Article VII (Amended), section 5, a circuit court obtains jurisdiction to *try* or *convict* a defendant in a felony case only upon

issuance of an indictment, an information supported by a probable-cause determination made following preliminary hearing, or the defendant's knowing waiver of indictment or preliminary hearing. Any *defect* in the indictment or information does not deprive the court of jurisdiction. However, in the absence of indictment, preliminary hearing, or waiver, the circuit court lacks jurisdiction to try the defendant and any judgment rendered in that case is void. Whether or not that particular type of jurisdiction is labeled "subject matter jurisdiction," it is the kind of jurisdiction that *must* exist for a court to try or convict a defendant and, like the absence of subject matter jurisdiction, its absence may be raised for the first time on appeal. To the extent that *Barnes* suggests otherwise, it is overruled.

*Sheppard*, on which the state relies, does not alter our conclusion. The *Sheppard* defendant initially was charged with arson, under ORS 164.325, involving only damage to property. 35 Or App at 71. A preliminary hearing was held and a finding of probable cause made; the defendant was then "bound over to the circuit court" from the district court. *Id*. A "second district attorney's information" was then filed in the circuit court, again charging arson under ORS 164.325, this time based both on damage to property and on recklessly placing individuals in danger of physical injury. *Id*. at 72. The defendant was arraigned on the second information but no second preliminary hearing was held. Following presentation of the state's case at trial, the defendant moved to dismiss on the ground that the court lacked jurisdiction because of the absence of a preliminary hearing on the second information. The court denied the motion and the jury convicted on a lesser charge. *Id*.

On appeal, the defendant argued that, "under the provisions of Amended Art VII, § 5(5), Oregon Constitution, the prosecutor must proceed to trial on the same charge on which defendant was bound over to the circuit court by the magistrate." *Id*. at 71. The court did not decide that question, however, because it determined that the defendant's failure to object to the lack of a preliminary hearing on the second information constituted a waiver. *Id*. The court noted that the original information and the second information

implicated different subsections of ORS 164.325 and raised the possibility that "such a procedure" might "constitute[]  error." *Id*. at 73. Even if that procedure was flawed, however, the court concluded that defendant's absence of objection to it, along with his entry of a plea, constituted a waiver of the need for a preliminary hearing on the second information. *Id*. The court *then* addressed the defendant's argument "that the alleged irregular procedure constitute[d] a jurisdictional defect which cannot be waived," and it rejected that argument without any discussion. *Id*.

Given the brevity of the *Sheppard* court's analysis, along with its lack of citation to *Huffman* or *Brady*, its reasoning is difficult to discern. However, we find it significant that the court discussed the procedural posture of the case and the fact that a preliminary hearing *had* occurred on the original information. Indeed, the court explained the significance of such a preliminary hearing, that is, the magistrate's determination that "there is a substantial objective basis for believing that more likely than not a crime has been committed and that the defendant committed it." *Id*. at 72-73. The court also noted that, having determined that probable cause existed, the magistrate was statutorily required "to forward to the court, in which the defendant would be triable [there, the circuit court], the information holding the defendant for *further proceedings*." *Id*. (emphasis added); *see* ORS 135.185 (1977) (providing that a magistrate who made a probable cause determination "shall make a written order holding the defendant for further proceedings on the charge"); ORS 135.225 (1977) (providing that, in those circumstances, the magistrate "shall at once forward to the court in which the defendant would be triable" the information and other materials).

The *Sheppard* court's emphasis of that statutory process leads us to conclude that the court must have determined that the existence of the *initial* preliminary hearing was enough to vest the circuit court with jurisdiction to try the case, and that any flaw in not holding another preliminary hearing on the second information did not divest the court of the jurisdiction it had already obtained. That is, it seems that we necessarily conceived of proceedings on the

second information as "further proceedings" following the initial probable-cause determination.[8] *Sheppard*, 35 Or App at 73. Viewed that way, the absence of a preliminary hearing on the second information was akin to a *defect* in a charging instrument, like the defective indictment in *Daniel* or the allegedly defective indictment in *Terry*, rather than constituting the *absence* of an indictment or valid waiver of indictment, as in *Huffman*. And because a defect in a charging instrument does not result in a lack of jurisdiction, the court correctly concluded that reversal was not required, given the defendant's failure to raise the procedural defect in the trial court (essentially, the defendant had failed to preserve a challenge to a potential procedural problem that was not jurisdictional in nature). At least, that reading of *Sheppard* makes its holding consistent with *Huffman*, as well as *Terry* and *Young*, and we therefore construe it that way.

In this case, defendant was charged by information in the absence of a preliminary hearing and did not knowingly waive his right to preliminary hearing or indictment.[9] The trial court therefore never obtained jurisdiction to try defendant for the crime with which he had been charged. Because parties cannot stipulate to that kind of jurisdiction or waive objection to its absence, we reject the state's argument that defendant waived any objection by proceeding to trial. The judgment of conviction is void.

_____

[8] That we conceived the circuit court process as "further proceedings" on the original information is supported by a footnote in *Sheppard*, which notes that the record in the case "does not expressly distinguish which information was the subject of defendant's plea" and that it was "counsel's *** argument" that made it clear "that the plea was directed to the second information filed in the circuit court." 35 Or App at 72 n 2.

[9] In a footnote in its appeal brief, the state notes that three status conferences and a plea hearing were held but not transcribed for purposes of appeal. It suggests that defendant "theoretically" might have waived his right to a preliminary hearing during one of those untranscribed hearings. We are not persuaded. First, given that jurisdiction does not attach until there is an indictment, preliminary hearing, or knowing waiver, the state's argument would not answer the question of when, exactly, the court obtained jurisdiction (assuming that defendant expressed a knowing waiver during one of those hearings) and what the significance would be of the court having acted without jurisdiction before that point. Second, the trial court file includes notes from each of those untranscribed hearings, and none of those notes mentions anything about defendant waiving the right to preliminary hearing. We find it implausible to conclude that such a matter of significance occurred, at hearings not meant to address that topic, without any memorialization in the trial court file.

We recognize the significance of this holding. It is no small thing to hold that a conviction is void when the defendant did not raise any objection to the lack of indictment or preliminary hearing during the months of trial proceedings and when, on appeal, the defendant has not challenged any of the trial court's rulings or the sufficiency of the evidence on which the conviction is based. But neither is it a small thing for the government to proceed against a person on a felony charge when nobody outside the executive branch has determined that there is probable cause to believe that the person has committed the charged crime. *See Kuznetsov*, 345 Or at 484 ("The constitutionally required roles of the grand jury and the magistrate in felony cases operate as a check on the power of the district attorney and serve a critical function in protecting individual liberties."). We understand *Huffman* to signify that any resulting conviction is void despite the lack of objection below.

Reversed.