Submitted on remand from the Oregon Supreme Court July 14, affirmed November 17, 2021, petition for review denied March 24, 2022 (369 Or 505)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLIFFORD DARRELL KEYS,
*Defendant-Appellant.*

Marion County Circuit Court
16CR24492; A163519

502 P3d 245

This criminal appeal is before the Court of Appeals on remand from the Oregon Supreme Court, *State v. Keys*, 368 Or 171, 489 P3d 83 (2021), and concerns defendant's felony conviction for possession of methamphetamine. The sole issue on remand is whether the trial court plainly erred by proceeding to trial and entry of judgment in the face of defendant's undisputedly invalid waiver of preliminary hearing. Although the state does not dispute that defendant's initial waiver was defective, it argues that he later implicitly waived preliminary hearing by entering a plea, without objection, in the presence of counsel. *Held*: The trial court did not plainly err, because the question whether entry of a plea under those circumstances constitutes a waiver of preliminary hearing remains, at a minimum, reasonably in dispute.

Affirmed.

On remand from the Oregon Supreme Court, *State v. Keys*, 368 Or 171, 489 P3d 83 (2021).

Sean E. Armstrong, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Affirmed.

**DeHOOG, J.**

This case comes to us on remand from the Supreme Court, *State v. Keys*, 368 Or 171, 489 P3d 83 (2021) (*Keys II*). In the underlying case, the trial court convicted defendant following a bench trial of one count of felony unlawful possession of methamphetamine and entered judgment accordingly. On appeal, defendant assigned error to the trial court's entry of judgment, arguing that his waiver of preliminary hearing had not been knowing and was therefore invalid. Defendant argued that this defect in the proceedings either (1) deprived the trial court of subject-matter jurisdiction or (2) resulted in plain error that we were compelled to correct. *Id.* at 174. Because we agreed with defendant's first argument, we reversed his conviction on the ground that, given defendant's defective waiver of a preliminary hearing, the trial court lacked subject-matter jurisdiction to enter judgment; we did not reach defendant's plain-error argument. *State v. Keys*, 302 Or App 514, 526-27, 460 P3d 1020 (2020), *rev'd*, 368 Or 171, 489 P3d 83 (2021) (*Keys I*). In *Keys II*, the Supreme Court reversed our decision based on its conclusion that a defective waiver of the right to a preliminary hearing does not deprive a circuit court of subject-matter jurisdiction. 368 Or at 203. The Supreme Court remanded to us with instructions to consider defendant's plain-error argument that we previously had not reached. *Id.* at 205. For the reasons that follow, we conclude that the trial court did not plainly err, and we affirm.

We begin by reviewing the pertinent facts, which we described in *Keys I*:

"Defendant was arrested for possession of methamphetamine in violation of ORS 475.894, and an information was filed charging him with that felony crime. At defendant's arraignment, the court greeted defendant and stated that it was 'going to be appointing [a particular lawyer] to be your attorney and she is going to assist you with this arraignment this morning.' The lawyer and defendant had a brief interaction, which was transcribed, after which the lawyer purported to waive defendant's rights to a pretrial hearing[.][1]

---

[1] Our previous decision also includes the transcribed interaction between defendant, defense counsel, and the trial court. We have omitted that transcription here because, as noted below, neither party disputes that the interaction constituted an invalid waiver of preliminary hearing.

> \*\*\* After a series of status conferences and a hearing on a suppression motion, which the court denied, defendant waived his right to a jury trial and the court convicted him on stipulated facts."

302 Or App at 515-16 (first brackets in original).[2]

As defendant acknowledges, issues not raised in the trial court typically may not be raised and considered for the first time on appeal. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court."). However, there is a well-established exception to the preservation requirement for cases involving "so-called 'plain error'—that is, an error apparent on the record, about which there is no reasonable dispute." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). To qualify as "plain error," an asserted error must be (1) one "of law"; (2) it must be "apparent, *i.e.*, the point must be obvious, not reasonably in dispute"; and (3) "it must appear 'on \*\*\* the record.'" *Ailes v. Portland Meadows Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (quoting *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990) (ellipsis added)). Whether an alleged error is "plain" presents a question of law. *See State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Because defendant raised no objection regarding his waiver of preliminary hearing in the trial court, he asserts that, by proceeding to trial and entry of judgment in the face of his undisputedly invalid waiver, the trial court committed an obvious error warranting plain-error review. In support of that argument, defendant relies on *State v. Vasquez*, 336 Or 598, 611 n 10, 88 P3d 271 (2008) (stating that the right to a preliminary hearing "must either be observed or affirmatively waived before a district attorney may charge a person on an information").[3] For its part, the state does not dispute

---

[2] As the Supreme Court explained in this case, to prosecute a person for a felony offense, the state may proceed by precuring a grand jury indictment, or it may proceed by a district attorney's information if (1) the defendant knowingly waives indictment; (2) the state establishes probable cause at a preliminary hearing before a magistrate; or (3) the defendant knowingly waives the right to a preliminary hearing. *Keys II*, 368 Or at 175 (discussing Article VII (Amended), section 5(3)-(5) of the Oregon Constitution).

[3] In his briefing, defendant cited *State v. Barber*, 343 Or 525, 173 P3d 827 (2007), and argued that the right to a preliminary hearing—or the right to be

that defendant's purported waiver did not satisfy Article VII (Amended), section 5(3)-(5) of the Oregon Constitution. The state argues, however, that the trial court did not commit plain error in trying defendant and entering a judgment of conviction against him after trial. For the reasons that follow, we agree with the state that the trial court did not plainly err.

The question whether it is beyond reasonable dispute that the trial court erred in proceeding as it did is answered—in the negative—by our decision in *State v. Sheppard*, 35 Or App 69, 581 P2d 549 (1978), *rev den*, 285 Or 1 (1979). In *Sheppard,* we held that, "by entering a plea, without objection, in the presence of counsel, defendant waived the preliminary hearing specified in Amended Art VII, § 5(5)." *Id.* at 73. Thus, under *Sheppard*, defendant would have waived his right to a preliminary hearing when, without objection, he entered a plea of not guilty in the presence of counsel, and his defective waiver of that right through counsel would have no bearing on the trial court's authority to proceed to trial and, ultimately, entry of judgment. Or, at a minimum, that is at least arguably so. As a result, even if we might conclude, were we to re-examine *Sheppard*, that by proceeding to trial with counsel defendant did *not* waive any procedural irregularity with regard to his express waiver—through counsel—of his right to a preliminary hearing, our existing decision in that case prevents us from concluding that it is beyond dispute that the court erred in proceeding as it did.

We recognize that, in *Keys I*, we offered a somewhat different view of *Sheppard*, one that limited its decision to its unique procedural facts. *Keys I*, 302 Or App at 524-26. Even then, however, we recognized that, as a matter of procedure— as opposed to a jurisdictional matter—the court in *Sheppard* had "correctly concluded that reversal was not required, given the defendant's failure to raise the procedural defect in the trial court (essentially, the defendant had failed to preserve

---

prosecuted only upon a knowing waiver of that right—is one of the "unique rights" that, under *Barber*, fits within an exception to the ordinary preservation requirement. The Supreme Court rejected that argument in *Keys II*, 368 Or at 204, and we do not consider it further.

a challenge to a potential procedural problem that was not jurisdictional in nature)." *Id.* at 526.

Thus, even following our decision in *Keys I*, the question whether entry of a plea, without objection, in the presence of counsel, constitutes a waiver of preliminary hearing remains reasonably in dispute. As a result, and notwithstanding the conceded invalidity of defendant's waiver of his right to a preliminary hearing through counsel, the alleged error raised on appeal—namely, whether the trial court erroneously proceeded to trial and entry of judgment—does not qualify as plain error. Accordingly, we decline to consider defendant's contentions on appeal with respect to the court's entry of a judgment of conviction against him, and we again affirm.

Affirmed.