Submitted January 17, 2019; judgment in Case No. 17CR01419 reversed, judgment in Case No. C160541CR reversed and remanded August 19, 2020

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSEPH ANGELO GRANBERG,
*Defendant-Appellant.*

Washington County Circuit Court
17CR01419, C160541CR;
A164940 (Control), A164941

473 P3d 560

In this consolidated criminal case, defendant appeals from a judgment convicting him of unlawful possession of methamphetamine (case number 17CR01419) and from a judgment finding that he violated a condition of his probation (case number C160541CR). Defendant argues that the trial court lacked jurisdiction to enter the felony conviction because he was charged by information and was not indicted, did not have a preliminary hearing, and did not knowingly waive his right to indictment or a preliminary hearing as described by Article VII (Amended), section 5, of the Oregon Constitution. *Held*: The trial court lacked jurisdiction to enter a judgment of conviction because there was an absence of a valid waiver. At defendant's initial appearance, defendant's counsel requested a preliminary hearing and there is insufficient evidence in this record to draw the inference that defendant changed his mind about that decision after having been supplied the information needed for a knowing waiver.

Judgment in Case No. 17CR01419 reversed; judgment in Case No. C160541CR reversed and remanded.

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Lagesen, Judge.

POWERS, P. J.

Judgment in Case No. 17CR01419 reversed; judgment in Case No. C160541CR reversed and remanded.

**POWERS, P. J.**

In this consolidated criminal case, defendant appeals from a judgment convicting him of unlawful possession of methamphetamine (case number 17CR01419) and from a judgment finding that he violated a condition of his probation (case number C160541CR). Defendant argues that the trial court lacked jurisdiction to enter the felony conviction for unlawful possession of methamphetamine because he was charged by information and was not indicted, did not have a preliminary hearing, and did not knowingly waive his right to indictment or a preliminary hearing.[1] For the reasons explained below, we agree with defendant's position and, therefore, reverse the judgment of conviction and reverse and remand the probation violation.

The relevant facts are undisputed. Defendant was arrested for possession of methamphetamine in violation of ORS 475.894, which is a Class C felony, and the state filed an information charging defendant with that crime. At defendant's arraignment, his attorney requested a preliminary hearing. On the date scheduled for the preliminary hearing, the state informed the court that it was not ready to proceed and inquired as to whether defendant would waive the preliminary hearing. Defendant's counsel stated that, "at this point," defendant was not going to waive a preliminary hearing. The trial court then rescheduled the hearing and released defendant.

On the date of the rescheduled preliminary hearing, defendant was present, but his counsel was not. Instead, defendant was represented by another lawyer who was standing in for defendant's attorney of record.[2] At the start of the hearing, the state informed the court that it believed defendant was waiving his right to a preliminary hearing, defendant's stand-in counsel confirmed the state's belief, and the trial court accepted defendant's waiver:

---

[1] In his second assignment of error, defendant challenges the trial court's denial of his motion to suppress. Our resolution of defendant's first assignment of error obviates the need to address the suppression challenge.

[2] The record does not indicate why defendant's attorney was not able to be present at the rescheduled preliminary hearing.

"THE COURT: And we are resetting this for an arraignment/case management hearing, March 6th at 9:00 a.m.

"THE STATE: And the Defendant is—to my understanding, he's waiving his right to a preliminary hearing, Your Honor.

"[DEFENDANT'S STAND-IN COUNSEL]: That's correct. And Alex Spinks is actually the attorney of record. I'm just standing in.

"THE COURT: Okay. Very good. The order indicates that he has waived his right to a preliminary hearing. March 6th, 9:00 a.m."

The state then filed a district attorney's information, defendant was arraigned on that information, and the case proceeded to trial. Defendant waived his right to a jury trial, and, after a trial to the court, the trial court found him guilty of unlawful possession of methamphetamine and further found that the new conviction constituted a violation of defendant's probation.

On appeal, defendant argues that the trial court lacked jurisdiction to convict him of a felony without an indictment, a preliminary hearing, or his waiver of the right to an indictment or preliminary hearing as described by Article VII (Amended), section 5, of the Oregon Constitution. Defendant acknowledges that he did not raise this argument before the trial court but argues that he may raise this argument for the first time on appeal because it is jurisdictional. Specifically, defendant contends that the trial court lacked jurisdiction to convict him, because his waiver of the right to a preliminary hearing was not valid; defendant's waiver was made by his stand-in counsel and defendant did not knowingly waive the right to a preliminary hearing. According to defendant, the record reflects that, "[n]either defendant's attorney nor the court gave defendant any information about his right to a preliminary hearing, nor did they confirm that defendant understood what he was relinquishing." (Emphasis omitted.)

In response, the state argues that *State v. Sheppard*, 35 Or App 69, 581 P2d 549 (1978), *rev den*, 285 Or 1 (1979),

rejected the argument that the failure to comply with Article VII (Amended), section 5, constitutes a jurisdictional defect. As such, the state asserts that defendant's argument is not preserved and is subject to plain-error review. Further, the state argues that, even if the right to a preliminary hearing is "personal" to a defendant, it is not obvious that a defendant must communicate the waiver directly, rather than through his counsel. According to the state, defendant validly waived his right to a preliminary hearing, because defendant was present at the hearing, was represented by counsel, and "said nothing to dispute the attorneys' representations or to suggest that he had not decided to waive his preliminary hearing right." (Emphasis omitted.) Therefore, the state argues that "the trial court committed no error, plain or otherwise, by proceeding to trial without a preliminary hearing."

Under the Oregon Constitution, circuit courts enjoy subject matter jurisdiction over all actions unless "a statute or rule of law" divests the courts of jurisdiction. *State v. Terry*, 333 Or 163, 186, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002). In *State v. Keys*, 302 Or App 514, 460 P3d 1020, *rev allowed*, 366 Or 760 (2020), a case decided after this case was submitted on the parties' briefs, we interpreted Article VII (Amended), section 5, to be a "rule of law" that can divest a circuit court of jurisdiction in criminal proceedings. Article VII (Amended), section 5, provides, in part:

> "(3)   Except as provided in subsections (4) and (5) of this section, a person shall be charged in a circuit court with the commission of any crime punishable as a felony only on indictment by a grand jury.
>
> "(4)   The district attorney may charge a person on an information filed in circuit court of a crime punishable as a felony if the person appears before the judge of the circuit court and knowingly waives indictment.
>
> "(5)   The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing."

In concluding that Article VII (Amended), section 5, can divest a court of jurisdiction, we analyzed and reconciled the pertinent case law discussing a court's jurisdiction to enter a judgment of conviction: *Huffman v. Alexander*, 197 Or 283, 251 P2d 87 (1952), *reh'g den*, 197 Or 283, 253 P2d 289 (1953); *Sheppard*; *Terry*; and *State v. Young*, 188 Or App 247, 71 P3d 119, *rev den*, 336 Or 125 (2003). *Keys*, 302 Or App at 520-27. Relying primarily on *Huffman*, we held:

> "Circuit courts generally have subject matter jurisdiction over criminal cases. However, under Article VII (Amended), section 5, a circuit court obtains jurisdiction to *try* or *convict* a defendant in a felony case only upon issuance of an indictment, an information supported by a probable-cause determination made following preliminary hearing, or the defendant's knowing waiver of indictment or preliminary hearing."

*Keys*, 302 Or App at 523-24 (emphasis in original). In other words, "in the absence of indictment, preliminary hearing, or waiver, the circuit court lacks jurisdiction to try the defendant and any judgment rendered in that case is void." *Id*. at 524. Accordingly, we held that an argument challenging the court's jurisdiction under Article VII (Amended), section 5, can be raised for the first time on appeal. *See id*. ("Whether or not that particular type of jurisdiction is labeled 'subject matter jurisdiction,' it is the kind of jurisdiction that must exist for a court to try or convict a defendant and, like the absence of subject matter jurisdiction, its absence may be raised for the first time on appeal." (Emphasis omitted.)).

Given our decision in *Keys*, we reach the merits of the parties' arguments—whether defendant validly waived the right to a preliminary hearing—for the first time on appeal. Like defendant, the defendant in *Keys* was arrested for possession of methamphetamine and an information was filed charging him with that crime. *Id*. at 515. At the defendant's arraignment, the trial court appointed counsel to assist the defendant with the arraignment. *Id*. After counsel introduced herself to the defendant, counsel proceeded to waive the defendant's right to a preliminary hearing. *Id*. On appeal, the defendant argued "that the transcript show[ed] that neither the court nor defense counsel explained the purpose or benefits of a preliminary hearing to defendant."

*Id*. at 516. Although the state did not contest the argument that the defendant's purported waiver made by his counsel was invalid, we noted that an argument to the contrary "would be a challenging argument to make, given that counsel purported to waive her client's constitutional right without having advised or consulted [the defendant] on the point." *Id*. at 517. We further rejected the argument that the defendant had several other hearings, which, although they were not transcribed, could have theoretically suggested that the defendant "might have waived his right to a preliminary hearing during one of those untranscribed hearings." *See id*. at 526 n 9 ("[G]iven that jurisdiction does not attach until there is an indictment, preliminary hearing, or knowing waiver, the state's argument would not answer the question of when, exactly, the court obtained jurisdiction (assuming that defendant expressed a knowing waiver during one of those hearings) and what the significance would be of the court having acted without jurisdiction before that point.").

Shortly after our decision in *Keys*, we decided *State v. Foss-Vigil*, 304 Or App 267, 467 P3d 38 (2020), another case in which the defendant was charged by information without a preliminary hearing. The defendant in *Foss-Vigil*, who was charged with three felonies, similarly argued that the waiver of his right to a preliminary hearing made by his counsel was invalid, because the "record d[id] not establish a knowing and voluntary waiver." 304 Or App at 272 (internal quotation marks omitted). We disagreed and held that, unlike in *Keys*, the record in *Foss-Vigil* did not compel the conclusion that the waiver was invalid. *Id*. at 274. After the state inquired as to whether the defendant would waive the right to a preliminary hearing, the defendant's counsel asked the court for a couple of minutes to "check with" the defendant, before informing the court that the defendant was waiving the preliminary hearing. *Id*. at 269. Given those circumstances, we concluded that, in contrast to *Keys*, "the record suggest[ed] that counsel was communicating defendant's own waiver to the court; the record d[id] not establish (as it did in *Keys*) that the lawyer was purporting to waive a right that she had not discussed with her client." *Id*. at 274.

This case is more like *Keys* than *Foss-Vigil*. At defendant's initial appearance, defendant's counsel requested a preliminary hearing and there is insufficient evidence in this record to draw the inference that defendant changed his mind about that decision after having been supplied the information needed for a knowing waiver. Unlike *Foss-Vigil*, there is no indication that defendant's stand-in counsel consulted with him before purportedly waiving defendant's right to a preliminary hearing. Further, we are unpersuaded by the state's argument that defendant's silence during the rescheduled preliminary hearing indicated that defendant knowingly waived the right to a preliminary hearing. Ultimately, the record here is similar to the one in *Keys* and one in which we conclude that there was an absence of a valid waiver. The trial court, therefore, lacked jurisdiction to enter a judgment of conviction. Accordingly, the judgment of conviction is void and the judgment finding a violation of probation is reversed and remanded. *See State v. McMilian*, 191 Or App 62, 69, 80 P3d 538 (2003), *rev den*, 337 Or 248 (2004) (remanding the probation revocation proceeding to the trial court for reconsideration in light of the reversal of the defendant's convictions).

Judgment in Case No. 17CR01419 reversed; judgment in Case No. C160541CR reversed and remanded.