Submitted on remand from the Oregon Supreme Court October 22, affirmed December 29, 2021, petition for review denied May 19, 2022 (369 Or 733)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ANGELO GRANBERG,
*Defendant-Appellant.*

Washington County Circuit Court
17CR01419, C160541CR;
A164940 (Control), A164941

500 P3d 1290

On remand from the Oregon Supreme Court, *State v. Granberg*, 368 Or 513, 493 P3d 503 (2021).

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the briefs for respondent.

Before Powers, Presiding Judge, and Egan, Chief Judge, and Lagesen, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this criminal proceeding, the Supreme Court vacated and remanded the case to us for reconsideration in light of its decision in *State v. Keys*, 368 Or 171, 489 P3d 83 (2021) (*Keys II*). *State v. Granberg*, 306 Or App 86, 473 P3d 560 (2020), *vac'd and rem'd for recons*, 368 Or 513, 493 P3d 503 (2021). In *Keys II*, the court concluded that a defective waiver of the right to a preliminary hearing does not deprive a circuit court of subject matter jurisdiction. 368 Or at 203. The court then remanded that case to us with instructions to consider whether we should exercise our discretion to reach the validity of the defendant's waiver under the plain error doctrine. *Id.* at 205. This case presents the same issue. On remand, defendant argues that the trial court plainly erred in entering a judgment of conviction, despite his stand-in counsel unilaterally waiving his right to a preliminary hearing. For the reasons explained in our recent decision in *State v. Keys*, 315 Or App 603, 502 P3d 245 (2021) (*Keys III*), we conclude that the trial court did not commit plain error.

Having resolved the jurisdictional issue, we turn to defendant's challenge to the trial court's denial of his motion to suppress evidence, which we did not reach given our earlier disposition. *See Granberg*, 306 Or App at 87 n 1. After reviewing the parties' arguments on appeal and the record, we conclude that, because the seizure was justified by reasonable suspicion, the trial court did not err in denying the motion to suppress. Accordingly, we reject defendant's assignment of error without further discussion.

Affirmed.