# DONALD RAY BARNES,
## *Respondent,*
## *v.*
# CUPP,
## *Appellant.*

## (No. 109,611, CA 14965)
606 P2d 664

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Michael E. Swaim, Salem, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

**THORNTON, J.**

The state appeals from an order granting a petition for post-conviction relief and dismissing the charges against petitioner with prejudice.

The essential facts are as follows:

Petitioner was arrested on Friday, August 5, 1977, when he attempted to cash a check he had stolen from the home of his employer. He was eventually charged with burglary in the first degree and forgery in the first degree. The post-conviction court found that petitioner first appeared in court on Wednesday, August 10, although no record was made. Apparently an attorney was appointed at that time who consulted with petitioner the following day. The attorney stated he assumed from his knowledge of court procedure that petitioner had been arraigned on August 10, but made no attempt to verify that fact. He also testified that he discussed a preliminary hearing with petitioner in general terms and that petitioner decided to follow his advice and waive the hearing based on the attorney's understanding that such a proceeding served mainly a discovery purpose which was not necessary in petitioner's case. The attorney then waived the hearing in chambers without petitioner or the district attorney being present. There is no record of the waiver and petitioner alleges that neither his attorney nor any judge ever informed him of his right to such a hearing. An "Order Holding Defendant to Answer" filed on August 17 (the first date petitioner and his attorney remember appearing in court, although no record of the proceeding was made) states that preliminary hearing was waived.

Petitioner appeared in court on August 25 and pled guilty to the burglary charge for which he was sentenced and the forgery charge was dismissed. The post-conviction court found that this was the first time petitioner was asked about his plea.

In his petition for post-conviction relief petitioner alleges:

> "At all times mentioned, Petitioner's counsel unreasonably neglected and failed to advise Petitioner respecting Petitioner's rights to (a) be arraigned within 36 hours of being taken into custody, and (b) either be indicted by the Grand Jury or allowed a preliminary hearing."

The petition further alleges that these failures amount to deprivation of effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and denial of due process under the Fourteenth Amendment and Article 1, Section 11 of the Oregon Constitution.

The post-conviction court held as follows:

> "This case clearly points up the necessity to 'make a record' by the Court. Because of the lack of the record, this Court cannot determine that Petitioner was arraigned as required by ORS 135.010 nor can it determine that Petitioner was afforded due process as provided by the Fourteenth Amendment of the Constitution of the United States. In fact, because of the lack of record, this Court is of the opinion that Petitioner was not arraigned as required by law and he was deprived of due process."

ORS 135.010 provides:

> "When the accusatory instrument has been filed, the defendant, if he has been arrested, or as soon thereafter as he may be, shall be arraigned thereon before the court in which it is found. Except for good cause shown or at the request of the defendant, if the defendant is in custody, the arraignment shall be held during the first 36 hours of custody, excluding holidays, Saturdays and Sundays. In all other cases, the arraignment shall be held within 96 hours after the arrest."

It is clear from the evidence in this case that petitioner was not arraigned within 36 hours as required by ORS 135.010. Noncompliance with the arraignment statute, however, does not automatically result in a denial of due process. In *State v. Shipley*, 232 Or 354,

375 P2d 237 (1962), our Supreme Court held that the automatic exclusion of statements made by defendants who were not timely arraigned was not applicable to the states via the Fourteenth Amendment because the remedy rested on the United States Supreme Court's supervisory power over federal court procedure, not on any constitutional ground. 232 Or at 360-61. Similarly, under the Oregon Constitution, a defendant has no right to arraignment within a specific time.[1]

Since late arraignment here did not amount to a violation of petitioner's constitutional rights, there is no basis under ORS 138.530(1) for post-conviction relief on this score.[2]

Petitioner's contention that he was denied due process by failure to hold a preliminary hearing presents a more difficult question. The Oregon Constitution, Amend. Article VII, section 5(5) provides:

"The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, the person has been held to answer upon a showing of probable cause

---

[1] This is not to say that delay in arraignment cannot amount to denial of due process where a defendant can establish prejudice from the delay as, for example, where defendant confesses as a result of being held incommunicado.

[2]

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted." ORS 138.530(1).

[537]

that a crime punishable as a felony has been committed and that the person has committed it, or if the person knowingly waives preliminary hearing."

It follows that, if petitioner did not waive his right to a preliminary hearing, failure to hold a hearing was a constitutional as well as a statutory violation.

The evidence presented by petitioner and his attorney on the question of waiver is in direct conflict. The court below did not make a specific finding on the point. His opinion focuses on the absence of a record in this case and holds only that petitioner was denied due process. Assuming that a finding that petitioner was not informed of and did not waive his right to a preliminary hearing is implied in this holding, we nevertheless hold that dismissal of the charges in this case was improper.

According to ORS 138.530(1)(a), post-conviction relief must be granted when petitioner establishes:

> "A substantial denial in the proceedings *resulting in petitioner's conviction,* * * * of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and *which denial rendered the conviction void.*" (Emphasis supplied.)

Whatever adverse impact failure to hold a preliminary hearing might have had in this case was removed by petitioner's plea of guilty. The purpose of a preliminary hearing is to determine whether there is probable cause to believe defendant committed a crime. ORS 135.175. A guilty plea obviates the need for the state to present any evidence, so long as the judge has a basis for determining that the plea is voluntary and has a factual basis. ORS 135.390(1), 135.395. Petitioner did not allege, nor offer evidence, that the police did not have probable cause to hold him for the crime charged or that failure to hold a preliminary hearing was somehow a material factor in his decision to plead guilty. The burden of proof was on petitioner to do so. ORS 138.620(2). It cannot be said, therefore, that the procedural violations in this case resulted in petitioner's conviction.

[538]

Finally, petitioner contends his Sixth Amendment right to effective assistance of counsel was violated by his attorney's conduct in failing to determine whether petitioner had been arraigned and to request a preliminary hearing. We do not believe petitioner has established "facts sufficient to show fraud, coercion or such gross incompetence of counsel as to amount in law to a denial of the right to counsel guaranteed by the Sixth Amendment." *Wheeler v. Cupp*, 3 Or App 1, 8, 470 P2d 957, *rev den* (1970); *Lerch v. Cupp*, 9 Or App 508, 513, 497 P2d 379, *rev den* (1972).

Reversed.