Argued February 1, affirmed March 17, 1980

STATE OF OREGON,
*Respondent,*
*v.*
RONALD LEE REED,
*Appellant,*

(No. 91399, CA 15279)

and

RONALD LEE REED,
*Appellant,*
*v.*
STATE OF OREGON,
*Respondent.*

(No. 78-10-223, CA 15342)

(Consolidated Cases)

608 P2d 175

Magar E. Magar, Lake Oswego, argued the cause and filed the briefs for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

This is a consolidated appeal from two orders of the circuit court, the first revoking defendant's (Reed's) probation imposed after his 1975 conviction for criminal mistreatment in the second degree (ORS 163.200), and the second sustaining a demurrer to defendant Reed's petition for post-conviction relief from the same charge.

Reed assigns as error the following:

1) Sustaining the demurrer to his post-conviction relief petition which alleged that the state had withheld information material to his defense on an indictment for criminal nonsupport (ORS 163.555) with which he was originally charged before pleading guilty to criminal mistreatment;

2) Sustaining the demurrer to his post-conviction relief petition which alleged that ORS 163.555 (criminal nonsupport) was unconstitutionally vague and selectively enforced in violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution; and

3) Proceeding with the probation revocation hearing while a post-conviction relief petition was pending challenging the underlying charge and which jeopardized his Fifth Amendment right against self-incrimination because a second indictment for criminal nonsupport had been filed at that time.

The essential facts are as follows:

When Reed was divorced in 1970, the decree of dissolution required him to pay $50 per month for the support of his child. He partially complied for several years and, sometime in 1974, ceased payment altogether. In April, 1975, an indictment for criminal nonsupport was issued and Reed was extradited from California and arraigned in August, 1975. At arraignment, pursuant to a plea bargain, Reed pled guilty to a lesser crime of criminal mistreatment and was sentenced to probation for two years, conditioned on his

fulfilling certain requirements, including paying $50 per month child support, keeping the court posted as to his whereabouts and reimbursing the court for the cost of his court-appointed attorney.

In February, 1976, an order to show cause why his probation should not be revoked and a bench warrant were issued for Reed. He did not appear until July, 1978, at which time the proceedings were continued. In October, 1978, a second indictment for criminal nonsupport and a second show cause order were issued. Shortly thereafter, Reed filed his petition for post-conviction relief attacking the first conviction. In January 1979, the post-conviction court sustained the state's demurrer to the petition on the grounds (a) that Reed could not challenge the constitutionality of ORS 163.555 because it did not form the basis of his conviction, and (b) that the allegation that the state had withheld exculpatory information—namely, that Reed's ex-wife had continuously attempted to deny Reed his "parental rights" by preventing him from visiting his son and prejudicing the child against his father—was not exculpatory with respect to a charge of criminal mistreatment.

In June, 1979, Reed's probation was revoked. At that hearing his attorney argued that the proceeding should be continued pending conclusion of the post-conviction relief proceeding. Reed further contended that he could not fully defend in the probation revocation hearing without sacrificing his Fifth Amendment rights with respect to the second indictment for criminal nonsupport pending at that time. Reed's probation was revoked nevertheless. In August, 1979, Reed refused to plead over in the post-conviction proceeding and the petition was dismissed.

1) With respect to his first of assignment error, Reed makes two arguments: first, that it is unfair to permit the state to charge a person with a crime, withhold information favorable to a potential defense to that crime and plea bargain in order to obtain a

[188]

guilty plea to a lesser crime; and second, that the defense of "lawful excuse" applicable to a criminal non-support[1] is also available in a prosecution for criminal mistreatment,[2] so that this information should have been disclosed to Reed before negotiating a plea of guilty on the lesser charge.

Regardless of the asserted merit of either of these arguments in the abstract, Reed's claim must fail because the information concerning his former spouse's attitudes toward him or her attempts to prevent contact between him and his son is not "exculpatory" in that it does not provide justification for refusing to make child support payments. While it may be true that a court can modify or eliminate the requirement of child support under some circumstances and can impose some sanctions for a custodial parent's obstruction of the other's visitation rights, *Levell v. Levell,* 183 Or 39, 190 P2d 527 (1948), it does not follow that a parent may unilaterally refuse to pay support for this reason. The allegedly withheld information therefore does not provide Reed with a "lawful excuse" to either charge.

2) Assuming, as Reed contends, that ORS 163.555 is open to constitutional challenge, we nevertheless find that the demurrer to the post-conviction relief petition was properly sustained. He does not directly challenge

---

[1]

"A person commits the crime of criminal nonsupport if, being the parent, lawful guardian or other person lawfully charged with the support of a child under 18 years of age, born in or out of wedlock, he refuses or neglects *without lawful excuse* to provide support for such child." ORS 163.555(1). (Emphasis added.)

[2]

"A person commits the crime of criminal mistreatment in the second degree if, with criminal negligence and *in violation of a legal duty* to provide care of another person, he withholds necessary and adequate food, physical care or medical attention from that person." ORS 163.200(1). (Emphasis added.)

Reed argues that where there is a "lawful excuse," there is no "legal duty."

the constitutional validity of ORS 163.200, the statute defining the crime to which he pled guilty. See ORS 138.530(1)(d).[3] That the statute under which Reed was originally charged may be unconstitutional does not invalidate subsequent proceedings if they are constitutionally valid. *See State v. Cloman,* 254 Or 1, 12, 456 P2d 67 (1969). There was no allegation here that his indictment for criminal nonsupport induced him to plead guilty to an offense he did not commit. ORS 138.530(1)(a);[4] *Barnes v. Cupp,* 44 Or App 533, 606 P2d 664 (1980.)

3) The sole issue at the probation revocation hearing was whether Reed had violated the terms of his probation. ORS 137.550(2). It was uncontested that he had failed to make support payments, to reimburse the court for the costs of his court-appointed attorney and to apprise the court in writing of his address and employment. Any of these grounds was a sufficient basis for revoking probation and evidence to the contrary could have been presented without jeopardizing Reed's right against self-incrimination.

Affirmed.

---

[3]

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted." ORS 138.530(1)(d).

[4]

"(1) Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void." ORS 138.530(1)(a).